UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

PAGANE MARITIME LTD.
Plaintiff,

      v.

GLINGROW HOLDING LTD. and
RIAS TRADING,

Defendants.

------------------------------------------------------- X

ECF CASE

07 Civ. 10726 (PKL)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RIAS TRADING'S MOTION TO (1) DISMISS THE COMPLAINT AND (2) RECONSIDER VACATING THE MARITIME ATTACHMENT

**REED SMITH LLP**
599 Lexington Avenue
New York, New York
(212) 521-5400

Attorneys for Defendant
Rias Trading

Of Counsel:

Wendy H. Schwartz (WS-1862)

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................ 1

STATEMENT OF FACTS ..................................................................................... 2

   A.  Rias Trading ............................................................................................ 2

   B.  Facts ....................................................................................................... 2

       1.  The Contract Between Glingrow and Rias .................................. 2

       2.  The Contract Between Bulcom and Glingrow .............................. 2

       3.  Rias Made Payments Based Solely On Its Contract With Glingrow ........... 3

   C.  The Complaints and the Attachment Orders .......................................... 3

   D.  The Order to Show Cause seeking Dismissal and Vacatur ...................... 6

ARGUMENT -  POINT I - SUBJECT MATTER JURISDICTION IS A PREDICATE TO ANY
CONSIDERATION OF MERITS, INCLUDING EQUITABLE ESTOPPEL ............................ 7

POINT II - PLAINTIFF HAS NO ADMIRALTY CLAIM AGAINST RIAS
AND THUS FAILS TO DEMONSTRATE SUBJECT MATTER JURISDICTION ................... 9

   A.  Plaintiff Has Not Met Its Burden to Prove Subject Matter Jurisdiction .............. 9

   B.  Plaintiff's Unsupported Allegation that Rias is a "Paying Agent"
for Glingrow is  Insufficient to State an Admiralty Claim Against Rias .......... 11

   C.  Plaintiff Has Not Alleged, and Cannot Show, That Rias is An Alter Ego of Glingrow ... 12

POINT III - THE COURT SHOULD RECONSIDER THE ORDER
       EQUITABLY ESTOPPING RIAS FROM SEEKING VACATUR ...................... 15

CONCLUSION ................................................................................................ 17

**Cases**

*Am. Hotel Int'l Group v. OneBeacon Ins. Co.*, No. 01 Civ. 0654,
2005 WL1176122  (S.D.N.Y. May 18, 2005) ................................................................. 16

*Amy Axelrod, Inc. v. Simon & Schuster, Inc.*, No. 07 Civ. 891,
2007 U.S. Dist. LEXIS 76648 (S.D.N.Y.Oct. 16, 2007) ................................................. 15

*Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986) ............ 8

*Brocsonic Co., Ltd. v. M/V Mathilde Maersk*, 120 F.Supp.2d 372 (S.D.N.Y. 2000) ................................. 10

*Colodney v. Continuum Health partners, Inc.*, No. 03 Civ.
7276, 2004 WL 1857568  (S.D.N.Y. Aug. 18, 2004) ....................................................... 16

*Deiulemar Compagnia di Navigazione SpA v. Dabkomar Bulk Carriers Ltd.*,
No. 05 Civ. 8199, 2005 U.S. Dist. LEXIS 40783 (S.D.N.Y. Dec. 12, 2005) ..................................... 11,12

*Dolco Investments, Ltd. v. Moonriver Development, Ltd et al.*, 486 F. Supp. 2d 261 (S.D.N.Y. 2007) .... 14

*Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329 (2d Cir. 1986) ............................... 13

*Fesco Ocean Mgmt. v. High Seas Shipping Ltd.*, No. 06 Civ. 1055,
2007 U.S. Dist. LEXIS 19970 (S.D.N.Y. 2007) ............................................................... 13

*In re BDC 56 L.L.C.*, 330 F.3d 111 (2d Cir. 2003) ........................................................... 16

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*
 456 U.S. 694, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982) .................................................... 8

*Kirno Hill Corp. v. Holt*, 618 F.2d 982 (2d Cir. 1980) ....................................................... 13

*Koehler v. Bank of Bermuda, Ltd.*, No. M18-302, 2005 WL 1119371 (S.D.N.Y. May 10, 2005) ............ 15

*Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697 (2d Cir. 2000) ................................. 8

*MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58 (2d Cir. 2001) ............... 14

*Makarova v. United States*, 201 F.3d 110 (2d Cir. 2000) ..................................................... 10

*Malik v. Meissner*, 82 F.3d 560 (2d Cir. 1996) ............................................................. 10

*MCT Shipping Corp. v. Sabet*, 497 F.Supp. 1078 (S.D.N.Y. 1980) ............................................. 15

*Naias Marine S.A. v. Trans Pacific Carriers Co. Ltd.*, No. 07 Civ. 10640,
2008 WL 11103 (S.D.N.Y. Jan. 10, 2008) .................................................................... 8, 9

*Scelsa v. City Univ. of New York*, 76 F.3d 37 (2d Cir. 1996) ................................................ 10

*Shrader v. CSX Transp., Inc.*, 70 F.3d 255 (2d Cir. 1995) ................................................... 15,16

*Status Int'l S.A. v. M&D Maritime Ltd.,* 994 F. Supp. 182 (S.D.N.Y. 1998) ........................................ 13, 15

*Stevedoring Services of America v. Ancora Transports, N. K,* 59 F.3d 879 (9th Cir. 1995) ..................... 15

*Tide Line, Inc. v. Eastrade Commodities, Inc.,* No. 06 Civ. 1979,
2006 U.S. Dist. LEXIS 95870 (S.D.N.Y. Aug. 15, 2006) ........................................................................ 9-13

*United Food & Comerica Workers Union, Local 919 v.
CenterMark Props. Meriden Square, Inc.,* 30 F.3d 298 (2d Cir. 1994) ...................................................... 8

*Williamson v. Recovery Limited Partnership,* No. 06 Civ. 5724, 2007 WL 102089 (S.D.N.Y. 2007) ...... 14

## Rules

Fed. R. Civ. P. 12(b)(1) ............................................................................................................................... 1

Fed. R. Civ. P. 12(b)(6) ............................................................................................................................ 9, 13

Local Rule 6.3 .......................................................................................................................................... 2, 16

Rule E(2)(a) of the Supplemental Rules for Admiralty or Maritime Claims ...................................... 6, 9, 15

## Treatises

13 Wright & Miller § 3522 .......................................................................................................................... 8

## Constitutional Provisions

Article III, § 2 of the Constitution ............................................................................................................. 1

## PRELIMINARY STATEMENT

Defendant Rias Trading ("Rias") makes this restricted appearance to move to dismiss this action against it, and to reconsider the prior denial of the request to vacate the attachment of Rias' assets by Pagane Maritime Ltd. ("Plaintiff" or "Pagane").

Pursuant to the Article III, § 2 of the Constitution, Federal Courts have limited subject matter jurisdiction. Subject matter jurisdiction is a prerequisite for any consideration of the merits of a case, and it cannot be waived. In an expedited ruling, sitting as a Part I Judge on an Order to Show Cause submitted by Rias, Judge Charles S. Haight, Jr. concluded that Rias was equitably estopped from seeking to vacate Plaintiff's attachment, but declined to reach that portion of Rias' motion seeking dismissal of the Complaint as against Rias for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), as well as for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Instead, he directed Rias to make a separate motion for this relief to this Court.

Rias now makes such a motion, and respectfully submits that Judge Haight erred in declining to consider subject matter jurisdiction first. As shown in Rias' prior moving papers and below, Pagane, in merely alleging upon information and belief that Rias might be a "paying agent" for Defendant Glingrow Holding Ltd. ("Glingrow"), has failed to state a *prima facie* admiralty case against Rias. This failure, and the failure to allege any other jurisdictional basis for its claims against Rias, deprives the Court of subject matter jurisdiction as to Rias. Where subject matter jurisdiction is lacking, dismissal is mandatory. Alternatively, Plaintiff fails to state a claim for relief against Rias, and the Amended Complaint should be also dismissed on that basis. Therefore, Rias moves this Court for an Order 1) dismissing the Complaint as against Rias, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6); and 2) for reconsideration of the January

1

30, 2008 Opinion and Order denying vacatur of the attachment of Rias' assets, pursuant to Local Rule 6.3.[1]

<b><u>STATEMENT OF FACTS</u></b>

**A.    Rias Trading**

   Rias is a Swiss company based in Lausanne, Switzerland, which engages in the international trade of fertilizer, food products, especially cereals, and meat and dairy products. Declaration of Sergey Chumak, dated January 10, 2008 ("Chumak Decl.") ¶¶ 4, 5. (The Chumak Decl. is attached as Exhibit 1 to the Declaration of Wendy H. Schwartz, dated February 14, 2007 ("Schwartz Decl.").

**B.    Facts**

   **1.    The Contract Between Glingrow and Rias**

   Rias desired to ship grain from the Ukraine across the Black Sea to Aqaba, Jordan, and contracted with Defendant Glingrow Holding Ltd. ("Glingrow") to charter a vessel for this purpose. Chumak Decl. ¶ 9; Reply Declaration of Sergey Chumak, dated January 16, 2008 ("Chumak Reply Decl.) ¶ 3 & Exh. A. (The Reply Chumak Decl. is attached as Exhibit 2 to the Schwartz Decl.). Plaintiff is not a party to this contract (the "Rias Contract") and derives no rights from it. No breach of the Rias Contract is alleged in this action.

   **2.    The Contract Between Bulcom and Glingrow**

   To satisfy its obligations under the Rias Contract, Glingrow contracted with Bulcom Ltd. ("Bulcom") to charter a vessel, the M/V Pagane (the "Vessel"), to transport the grain and the grain was loaded onto the Vessel. Chumak Decl. ¶ 10. Plaintiff alleges that it is the disponent

---

[1] This motion is made by Rias only, to address the defects in Plaintiff's case against Rias as a non-party to the contractual obligations alleged. Defendant Glingrow does not participate in this motion, but reserves all rights to dispute the claims against it.

2

owner of the Vessel, although Plaintiff is not named in the contract with Glingrow. Amended Verified Complaint ¶ 2. (The Amended Verified Complaint is attached as Exhibit C to the Chumak Decl.) Rias is not a party to the charter party agreement between Glingrow and Bulcom (the "Charter Agreement"). Amended Verified Complaint, ¶16 and Exhibit 1 thereto, and Chumak Decl. ¶ 13. Rias is also not a party to any contract with Pagane. Chumak Decl. ¶ 14.

A dispute apparently arose between Bulcom and/or Plaintiff on the one hand, and Glingrow on the other, regarding fees for use of the Vessel under the Charter Agreement. Chumak Decl. ¶ 16. This dispute is the subject of arbitration in London. Chumak Decl. ¶ 18. Rias is not a party to that arbitration. *Id.*

### 3.    Rias Made Payments Based Solely On the Rias Contract With Glingrow

Rias was invoiced by Glingrow based upon the Rias Contract between those parties, and not based on the Charter Agreement between Glingrow and Bulcom. Chumak Decl. ¶ 12; Chumak Reply Decl. ¶ 4. Rias paid the invoices from Glingrow according to instructions from Glingrow in each individual invoice. These instructions included remitting some funds to Bulcom, the original Plaintiff herein, to satisfy obligations that Rias had to Glingrow. *See* Chumak Decl. ¶ 12; *see also* Chumak Reply Decl., Exh. B. For other invoices, Rias remitted funds to Glingrow. *See* Chumak Reply Decl., Exh. B. All invoices reflect obligations from Rias to Glingrow, and not to Bulcom or Pagane. *Id.*

### C.    The Complaints and the Attachment Orders

This action was commenced on or about November 30, 2007 by the filing of a Verified Complaint (the "Complaint") by Bulcom against Glingrow and Rias, along with an Order for Maritime Attachment and Garnishment under the Supplemental Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure (the "Supplemental Rules"). (The Complaint is attached as Exhibit A to the Chumak Decl.)

The Complaint alleged damages of $1,433,583.10 attributable to an alleged breach of the Charter Agreement. The Complaint did not allege that Rias was a party to the Charter Agreement, that it was a signator or guarantor of the Charter Agreement or that it had any obligations under the Charter Agreement. The Complaint alleged no direct claim against Rias by Bulcom Ltd. whatsoever. Chumak Decl. Exh. A.

Pursuant to Rule B(1) of the Supplemental Rules, an *ex parte* Order directing the Clerk to Issue Maritime Process was issued on November 30, 2007, permitting the attachment of property of Defendants (the "First Attachment Order"). Schwartz Decl., Exh. 3.

On and after December 7, 2007, at least $273,195.67 of funds belonging to Rias were attached. Schwartz Decl., Exh. 6. In addition, $118,406.12 of funds belonging to Glingrow were attached. Schwartz Decl., Exh. 7.[2]

On December 20, 2007, this Court signed a Consent Order, stipulated to by counsel for Bulcom on the one hand, and Glingrow and Rias on the other, ordering the release of the funds currently under attachment pursuant to the First Attachment Order, subject to joint instructions to be provided by the parties. Schwartz Decl., Exh. 4. The parties never reached final agreement as to such instructions, Chumak Reply Decl. ¶2, and the funds thus remain attached.

Also on December 20, 2007, an Amended Verified Complaint was filed (the "Amended Complaint"), substituting Pagane as Plaintiff. The Amended Complaint alleges that Pagane is the disponent owner of the Vessel. It also alleges many of the same facts as the Complaint, but reduces the damages claimed to the amount of $688,530.51. *See* Chumak Decl., Exh. C.

---

[2] As noted above, Glingrow does not presently challenge the attachment as to its funds, but reserves all rights in that regard.

4

The Amended Complaint admits that Rias is not a party to the Charter Agreement and that Rias had no legally cognizable relationship to the charter of the Vessel. Amended Complaint ¶16. Significantly, the Amended Complaint does not allege that Rias is a signator or guarantor of the Charter Agreement, that it had any obligations under the Charter Agreement, that Rias has any contractual relationship with Plaintiff of any kind, or that Rias has harmed or damaged Plaintiff in any way. The Amended Complaint alleges no claim against Rias whatsoever.

Instead, the Amended Complaint merely alleges that Rias "paid initial hiring owed to Plaintiff from Glingrow," and that "[i]t is not common practice . . . for an independent company to pay another's debt. . . ." Amended Complaint ¶¶16, 17.

Apparently, Rias is named as a defendant solely upon Plaintiff's unsupported speculation, asserted upon information and belief with no supporting facts, that Rias is "an alias, partner, joint venturer and/or paying or receiving, agent of Glingrow" and that Rias acts as "a paying agent, and/or receiving agent, or arranges for other non-parties to satisfy the debts and obligations of Defendant Glingrow, and/or receive payments being made to Defendant Glingrow." Amended Complaint ¶¶ 4 and 15.

Plaintiff has specifically declined to allege alter ego liability on the part of Rias, and presents no allegation that would support such a claim. Memorandum of Law In Opposition to Defendant Rias Trading's Motion to Dismiss Complaint and Vacate Attachment, dated January 15, 2008 ("Pl. OSC Opp. Mem."), at 8 (purporting to a "reserve" this argument while admitting it is not alleged), attached as Exhibit 5 to the Schwartz Decl.

On December 28, 2007, a second Maritime Attachment and Garnishment issued against Glingrow and Rias in the amount of $688,530.51 (the Second Attachment Order"), this time in

favor of Pagane. Chumak Decl., Exh. D. The Second Attachment Order was served on all of the banks that receiver the First Attachment Order, and was apparently used to continue to restrain the funds that were the subject of the Consent Order.

**D.    The Order to Show Cause seeking Dismissal and Vacatur**

On January 10, 2008, Rias submitted a motion and supporting papers by Order to Show Cause seeking to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6)and to vacate the attachment of its assets pursuant to Rule E(2)(a) of the Supplemental Rules for Admiralty or Maritime Claims.

The Order to Show Cause was signed on January 10, 2008 by Judge Haight, sitting in Part I. The Order directed Plaintiff to serve answering papers by January 15, 2008, and set oral argument for January 16, 2008 at 2:00 PM. Opposing and reply papers were timely served and filed, and the parties were heard at the appointed time.

On January 30, 2008, Judge Haight issued a Memorandum Opinion and Order ("the Opinion and Order"). (The Opinion and Order is attached to the Schwartz Decl. as Exh. 8.) In the Opinion and Order , Judge Haight concluded that Rias was equitably estopped from making a motion under Rule B of the Supplemental Rules for Admiralty or Maritime Claims to vacate the attachment of the $273,195.67 of its funds, based on negotiations between attorneys for Bulcom on the one hand (who claimed later to be actually representing Pagane), and attorneys for Glingrow and Rias on the other, that led to the Consent Order authorizing the release of the attached funds, pending joint instructions. *See* Opinion and Order, at 8-10. In so holding, Judge Haight rejected Rias' arguments that, among other things, the agreement had never been finalized, as demonstrated by the failure to present joint instructions, the substitution of Pagane

6

for Bulcom, and the renewed attachment, and Pagane's insistence on additional security before agreeing on joint instructions. *Id.* at 10-12.

Judge Haight expressly declined to reach Rias' motion to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), and also declined to reach Pagane's request that Rias be directed to arrange for the transfer of its funds to London to be held in escrow. The Opinion and Order state that such motions would be "more appropriately addressed to Judge Leisure, the assigned Trial Judge . . . " and that as a Part I Judge, he was "only concerned with Rias' . . . motion to vacate the attachment of its funds." *Id.* at 12-13.

By this motion, Rias now brings to this Court its request that the Amended Complaint against Rias be dismissed, for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and alternatively for failure to state a claim under Fed. R. Civ. P. 12(b)(6). In addition, Rias moves for reconsideration of Judge Haight's denial of the motion to vacate, on the ground that Judge Haight should not have reached the issue of equitable estoppel prior to determining whether the Court had subject matter jurisdiction over the claims against Rias, which we show below it does not.[3]

## ARGUMENT

### POINT I

**SUBJECT MATTER JURISDICTION IS A PREDICATE**
**TO ANY CONSIDERATION OF MERITS, INCLUDING EQUITABLE ESTOPPEL**

Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute. *Bender v. Williamsport Area Sch. Dist.*, 475

---

[3] Rias does not agree with the substance of the decision to equitably estop Rias from seeking vacatur, and reserves its rights to contest that decision on appeal, if reconsideration is denied. Its argument for reconsideration, however, is limited to the subject matter jurisdiction question.

U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986). Indeed, "the subject matter jurisdiction of the federal courts is too basic a concern to the judicial system to be left to the whims and tactical concerns of the litigants." 13 Wright & Miller § 3522, at 67-68. Litigants, therefore, *cannot waive subject matter jurisdiction by express consent, conduct, or estoppel*. *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982) (emphasis added).

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). "Failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte. If subject matter jurisdiction is lacking, the action must be dismissed." *Id.* at 700-01 (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 89 L. Ed. 2d 501, 106 S. Ct. 1326 (1986)).

Thus, before addressing the merits on a motion to vacate a maritime attachment, "the Court first addresses whether it has subject matter jurisdiction over the case." *Naias Marine S.A. v. Trans Pacific Carriers Co. Ltd.*, No. 07 Civ. 10640 (PKL), 2008 WL 11103 at * 2 (S.D.N.Y. Jan. 10, 2008) (Leisure, J.) (dismissing case for lack of subject matter jurisdiction, vacating *ex parte* attachment order and directing garnishees to release all restrained funds).[4] "[I]t is common ground that in our federal system of limited jurisdiction any party or the court sua sponte, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction. Where jurisdiction is lacking, . . . dismissal is mandatory." (citation and internal quotation marks omitted)); *United Food & Comerica Workers Union, Local 919 v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994).

---

[4] A copy of *Naias Marine* is attached as Exhibit 9 to the Schwartz Decl.

In the case at bar, the question of subject matter jurisdiction was invoked in Rias' moving papers, and in the Order to Show Cause signed on January 10, 2008. It was incumbent upon the Court to determine whether it had subject matter jurisdiction over Defendant Rias, before addressing issues such as any alleged equitable estoppel. As shown below, because Pagane has not made out an admiralty claim against Rias sufficient to satisfy the standards of Rule E(2)(a) of the Supplemental Rules, subject matter jurisdiction is lacking, and the complaint against Rias must be dismissed.

In its Order to Show Cause, Rias also moved to dismiss under Fed. R. Civ. P. 12(b)(6) for the failure of Pagane to state a claim against Rias upon which relief could properly be granted. This is the least stringent pleading standard, and Rias continues to submit that Pagane fails to meet it. However, to obtain a maritime attachment under the Supplemental Rules, a plaintiff must meet the more rigorous standard of Rule E(2)(a), which is more stringent that the pleading requirements of the Federal Rules of Civil Procedure, *see Tide Line, Inc. v. Eastrade Commodities, Inc.*, No. 06 Civ. 1979, 2006 U.S. Dist. LEXIS 95870, *24 (S.D.N.Y. Aug. 15, 2006).[5] If it cannot meet this standard, it cannot make out a *prima facie* admiralty claim, which is required to invoke the subject matter jurisdiction of the Court over a maritime matter.

## POINT II

### PLAINTIFF HAS NO ADMIRALTY CLAIM AGAINST RIAS, AND THUS FAILS TO DEMONSTRATE SUBJECT MATTER JURISDICTION

### A.  Plaintiff Has Not Met Its Burden to Prove Subject Matter Jurisdiction

Pagane bears the burden of showing that it has subject matter jurisdiction. As noted by this Court in *Naias Marine*, No. 07 Civ. 10640, 2008 WL 111003 at * 2 (S.D.N.Y. Jan 10, 2008),

---

[5] A copy of the *Tide Line* case is attached as Schwartz Exh. 10.

"[a] plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." (citing *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (further citing *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)); *see also Brocsonic Co., Ltd. v. M/V Mathilde Maersk*, 120 F.Supp.2d 372, 375 (S.D.N.Y. 2000) ("A plaintiff 'seeking to invoke the subject matter jurisdiction of the district court bears the burden of showing that he [is] properly before that court.'" (quoting *Scelsa v. City Univ. of New York*, 76 F.3d 37, 40 (2d Cir. 1996)).

Pagane does not state any admiralty claim against Rias in the Amended Complaint, and cannot do so. It is undisputed that Rias was not a party to the Charter Agreement sued upon, and thus could not have breached that contract. Indeed, it is not even alleged to have done so. Moreover, the Amended Complaint does not allege that Rias is a guarantor of the Charter Agreement, and cites no other legal basis for holding Rias responsible. Rather, it appears that Rias has been named as a defendant in this action simply because Rias paid some monies to Bulcom (the original Plaintiff herein and the party named in the Charter Agreement sued upon) at the direction of Glingrow. But the mere payment of funds by Rias to Bulcom pursuant to obligations arising from Rias' separate contract with Glingrow does not provide Plaintiff (or Bulcom) with any claim against Rias, never mind a claim for an admiralty attachment. Indeed, Plaintiff admits it has no actual admiralty claim against Rias by its actions in failing to seek arbitration against Rias. *Cf. Tide Line, Inc. v. Eastrade Commodities, Inc.*, No. 06 Civ. 1979, 2006 U.S. Dist. LEXIS 95870, *51 (S.D.N.Y. Aug. 15, 2006) (questioning basis for suit against non-signatory to charter party agreement sought to be held liable as "paying agent" where plaintiff had not joined non-signatory in London arbitration).

**B.    Plaintiff's Unsupported Allegation that Rias is a "Paying Agent" for Glingrow is Insufficient to State an Admiralty Claim Against Rias**

The case noted above, *Tide Line, Inc. v. Eastrade Commodities, Inc.*, 2006 U.S. Dist. LEXIS 95870, is remarkably similar to the one at hand. The main issue presented was whether the Plaintiff had alleged a prima facie admiralty claim. There, as here, it was alleged that one defendant acted as a "paying agent, or arranges for other nonparties to satisfy the debts and obligations" of a co-defendant. Chief Judge Kimba M Wood found that this alone, without substantiated allegations of alter ego, was insufficient to show a prima facie admiralty claim. *Id* at *43.

The facts here are also similar to those in *Deiulemar Compagnia*, detailed in a Report and Recommendation by Magistrate Judge Pitman, except that the connections between Rias and the contract in this action are even more non-existent than those alleged in *Deiulemar*. There, as here, plaintiff brought suit alleging a breach of an agreement to charter a vessel and seeking an Order of Maritime Attachment. *Deiulemar Compagnia di Navigazione SpA v. Dabkomar Bulk Carriers Ltd.*, No. 05 Civ. 8199, 2005 U.S. Dist. LEXIS 40783 at *2-3 (S.D.N.Y. Dec. 12, 2005).[6] In addition to naming the contracting parties, plaintiff also named Dabkomar Shipping AS ("Dabkomar AS") as a defendant, alleging that Dabkomar AS, through its agent, agreed to guarantee the primary defendant's obligations under the agreement. *Id.* at *3. Dabkomar AS moved to dismiss the complaint and to vacate the attachment, arguing that plaintiff could not maintain its burden of proving that Dabkomar AS had agreed to guarantee the primary defendant's obligations. *Id.*, at *5. The Court agreed, finding that even though Dabkomar AS - unlike Rias here - was named in the charter, the person who negotiated on its behalf was not its

---

[6] A copy of the *Deiulemar* case is attached as Exhibit 11 to the Schwartz Decl.

11

agent and had no authority to bind it. *Id.*, at \*24. The Court thus granted the motion to dismiss

and vacated the attachment, holding:

> Because plaintiff cannot prevail on its guarantee claim against Dabkomar
> AS, it cannot establish a prima facie admiralty claim and cannot meet its
> burden under Admiralty Rule E(4)(f).

*Id.* at \*27. This is equally true here, where Rias is neither a party to nor a guarantor of the

Charter Agreement, and could not prevail on such as claim.

    In sum, Plaintiff, upon wholly conclusory allegations made entirely upon information and

belief, and without any legally congizable claim, seeks a maritime attachment of Rias' funds on

account of debts alleged against Glingrow. On this basis, it obtained an Order attaching any

funds of Rias that flow through New York, regardless of the destination or beneficiary of those

funds. Yet Plaintiff identifies no contractual or common law obligation to hold Rias responsible

as a defendant for Glingrow's debt under the Charter Agreement, instead positing on information

and belief and without any specific facts in support that Rias is an "alias" of Glingrow," or a

"partner, joint venturer and/or paying or receiving, agent of Glingrow." Amended Complaint ¶¶

4 and 15.

    As shown in *Tide Line*, however, alleging that Rias is a paying agent is insufficient to

show an admiralty claim. *Tide Line*, 2006 U.S. Dist. LEXIS 95870 at \*42-43. Plaintiff therefore

fails to demonstrate subject matter jurisdiction over any claim against Rias, and its claim against

Rias must be dismissed.

**C.**    **Plaintiff Has Not Alleged, and Cannot Show, That Rias is An Alter Ego of Glingrow**

    Even if Plaintiff had alleged that Rias is alter ego of Glingrow, Plaintiff has failed to

allege sufficient facts state a prima facie case against Rias on the basis of alter ego, meaning the

Amended Complaint also fails to state a claim under Fed. R. Civ. P. 12(b)(6).  Indeed, as in *Tide Line*, the Amended Complaint failed to allege that Rias was an alter ego of Glingrow at all.

Assuming, *arguendo*, that an alter ego claim would provide the required nexus to the claims against Glingrow to bring Rias within this Court's admiralty jurisdiction, such claim cannot survive on the current facts alleged.  Federal courts sitting in admiralty apply federal common law when examining corporate identity.  *Status Int'l S.A. v. M&D Maritime Ltd.*, 994 F. Supp. 182, 186 (S.D.N.Y. 1998) (citing *Dow Chemical Pacific Ltd. v. Rascator Maritime S.A.*, 782 F.2d 329, 342 (2d Cir. 1986)).  Such claims should be reviewed with caution as the federal courts are hesitant to pierce the corporate veil.  *Status Int'l*, 994 F.Supp. at 186.  "Federal common law allows piercing of the corporate veil where (1) a corporation uses its alter ego to perpetrate a fraud or (2) where it so dominates and disregards its alter ego's corporate form that the alter ego was actually carrying on the controlling corporation's business instead of its own." *Status Int'l*, 994 F. Supp. at 186 *(citing Dow Chem. Pac. v. Rascator Mar. S.A.*, 782 F.2d 329, 342 (2d Cir. 1986); *Kirno Hill Corp. v. Holt*, 618 F.2d 982, 984-85 (2d Cir. 1980)).  "Actual dominion, rather than the opportunity to exercise control, must be shown." *Tide Line*, 2006 U.S. Dist. LEXIS 95870 at *34. (S.D.N.Y. 2006) (quotations omitted).

"When assessing whether a plaintiff has adequately plead an alter ego theory of liability, courts consider a number of factors, including whether the plaintiff has alleged that the alter egos intermingled funds; overlapped in ownership, officers, directors, and personnel; shared common office space, addresses and telephone numbers; and/or whether payments or guarantees of one corporation's debts have been paid or held by the other." *Fesco Ocean Mgmt. v. High Seas Shipping Ltd.*, No. 06 Civ. 1055, 2007 U.S. Dist. LEXIS 19970 at *9-10 (S.D.N.Y. 2007)[7] (citing

---

[7]  A copy of the *Fesco* case is attached as Exhibit 12 to the Schwartz Decl.

*MAG Portfolio Consultant, GMBH v. Merlin Biomed Group LLC*, 268 F.3d 58, 63 (2d Cir.

2001)).

Plaintiff's sole factual allegation, that Rias "paid initial hiring owing to Plaintiff from

Glingrow" and that "it is not common . . .for an independent company to pay another company's

debt," Complaint ¶16-17, does not come close to satisfying this standard.

Plaintiff's remaining allegations regarding alias, partner, joint venture and agency are

made purely on information and belief, with no supporting factual basis, and thus also fall far

short of meeting Plaintiff's burden to allege sufficient facts to support an inference that Rias has

so dominated and disregarded Glingrow's form that Rias, rather than Glingrow, conducted

Glingrow's business. *See, e.g., Dolco Investments, Ltd. v. Moonriver Development, Ltd et al.*,

486 F. Supp. 2d 261, 272 (S.D.N.Y. 2007) (finding that Dolco had failed to meet this burden

because it had failed to include anything other than conclusory allegations that another defendant

exercised domination over Moonriver and merely alleged that the other defendant paid

Moonriver's debts to Dolco "from time to time."). Conclusory allegations such as those made by

Plaintiff are insufficient, as a matter of law, to pierce the corporate veil. *Stevedoring Services of*

*America v. Ancora Transports, N. K*, 59 F.3d 879, 883 (9th Cir. 1995) (dismissing alter ego

argument and vacating attachment where "[plaintiff] offered little more than bare assertions that

[defendant] was an alter ego of [the contractual party]"); *Status Int'l S.A.*, 994 F. Supp. at 186

(allegation that one entity is "wholly owned" by another is insufficient to overcome the

presumption of corporate separateness, and no other facts were stated). *See also Williamson v.*

*Recovery Limited Partnership*, No. 06 Civ. 5724, 2007 WL 102089 (S.D.N.Y. Jan. 16, 2007)[8]

(plaintiff's allegations regarding the liability of other corporate entities supported merely by

---

[8]  A copy of the *Williamson* case is attached as Exhibit 13 to the Schwartz Decl.

14

generalized assertions in the attorney-verified complaint were insufficient to make out the

requisite admiralty claim); *MCT Shipping Corp. v. Sabet*, 497 F.Supp. 1078, 1088 (S.D.N.Y.

1980) ("In the absence of any alleged factual basis, neither a conclusory allegation . . .nor a

bland assertion that defendants were "alter egos" or "joint venturers" is sufficient to withstand a

motion to dismiss.")

### POINT III

### THE COURT SHOULD RECONSIDER THE ORDER
### EQUITABLY ESTOPPING RIAS FROM SEEKING VACATUR

The standard for a reconsideration motion is a stringent one, but it is satisfied here:

> A motion for reconsideration should be granted only where the moving
> party demonstrates that the court has overlooked factual matters or
> controlling precedent that were presented to it on the underlying motion
> and that would have changed its decision.

*Amy Axelrod, Inc. v. Simon & Schuster, Inc.*, No. 07 Civ. 891, 2007 U.S. Dist. LEXIS

76648 at *3-4(S.D.N.Y. Oct. 16, 2007)[9](citations and quotation marks omitted).  See also *In re*

*BDC 56 L.L.C.*, 330 F.3d 111, 123 (2d Cir. 2003); Local Civil Rule 6.3.

A motion for reconsideration "should not be granted where the moving party seeks solely

to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.

1995).  In addition, "a motion for reconsideration cannot assert new arguments or claims which

were not before the court on the original motion." *Koehler v. Bank of Bermuda, Ltd.*, No. M18-

302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005);[10] *accord Am. Hotel Int'l Group v.*

---

[9]  A copy of the *Amy Axelrod* case is attached as Exhibit 14 to the Schwartz Decl.

[10]  A copy of the *Koehler* case is attached as Exhibit 15 to the Schwartz Decl.

*OneBeacon Ins. Co.*, No. 01 Civ. 0654, 2005 WL 1176122, at *1 (S.D.N.Y. May 18, 2005)[11].

Under Local Rule 6.3, "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader*, 70 F.3d at 257.  However, whether reconsideration is appropriate is "within the sound discretion of the district court." *Colodney v. Continuum Health partners, Inc.*, No. 03 Civ. 7276, 2004 WL 1857568, at *1, (S.D.N.Y. Aug. 18, 2004).[12]

Here, this strict standard is met and reconsideration should be granted.  Judge Haight, sitting in Part I, declined to address the issue of subject matter jurisdiction raised in Rias' motion. Declining, however, was not an option.  Once subject matter jurisdiction is raised, it must be addressed before reaching the merits of the case or issues such as equitable estoppel.

---

[11]  A copy of the *American Hotel* case is attached as Exhibit 16 to the Schwartz Decl.

[12]  A copy of the *Colodney* case is attached as Exhibit 17 to the Schwartz Decl.

16

## **CONCLUSION**

Pagane's allegations, made upon information and belief, that Rias might be a "paying agent" for Glingrow, fail to make out an admiralty case against Rias, and thus provide no basis for admiralty jurisdiction. No other basis for subject matter jurisdiction over Rias is alleged, and no admiralty claim is stated. Lacking subject matter jurisdiction, this Court is not empowered to adjudicate any dispute Pagane might have with Rias, nor to find Rias equitably estopped, nor to maintain an attachment of the assets of Rias. The case as against Rias should therefore be dismissed, the order of attachment vacated and the garnishees instructed to release the assets of Rias.

Dated:  New York, New York
        February 14, 2008

REED SMITH LLP


By:    /s/   Wendy H. Schwartz
        Wendy H. Schwartz (WHS-1862)
        599 Lexington Avenue
        New York, NY  10022-7650
        Telephone:   212.521.5400
        Facsimile:    212.521.5450


        Attorneys for Defendant
        Rias Trading