UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
                                                                         :

PAGANE MARITIME LTD.,                         :

            Plaintiff,                                :

   v.                                  :                          ECF CASE

GLINGROW HOLDING LTD. and        :
RIAS TRADING,                         :             07 Civ. 10726 (PKL)

          Defendants.                     :

------------------------------------------------------------ X


**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
RIAS TRADING'S MOTION TO (1) DISMISS THE COMPLAINT AND
(2) RECONSIDER VACATING THE MARITIME ATTACHMENT**


**REED SMITH LLP**
599 Lexington Avenue
New York, New York
(212) 521-5400

Attorneys for Defendant
Rias Trading

Of Counsel**:**

Wendy H. Schwartz (WS-1862)

**PRELIMINARY STATEMENT**

Defendant Rias Trading ("Rias") makes this restricted appearance to reply in support of its motion to dismiss this action against it, and to reconsider the prior denial of the request to vacate the attachment of Rias' assets by Pagane Maritime Ltd. ("Plaintiff'" or "Pagane").

In its argument against reconsideration, Pagane either misunderstands or willfully ignores the primacy of subject matter jurisdiction in any consideration of a case by a U.S. Federal Court, including alleged issues of equitable estoppel.

Pagane also either miscomprehends or willfully misconstrues Judge Haight's January 31 2008 Opinion and Order, in which Judge Haight *expressly declined* to reach Rias' Rule 12 issues, by implying that he had acknowledged the Court's admiralty jurisdiction over Rias.

The cases cited by Pagane in support of its contention that its present Amended Complaint sufficiently alleges a *prima facie* admiralty claim against Rias are either inapposite or distinguishable, and Pagane does not and cannot distinguish the cases Rias cites which show the opposite to be true. Thus, because subject matter jurisdiction is lacking absent a *prima facie* admiralty allegation against Rias, the Amended Compliant as against Rias should be dismissed.

The Court should not allow Pagane to file its proposed Second Amended Complaint, because it contains a combination of conclusory boilerplate allegations made on information and belief and known errors of fact, which render it an improper vehicle to support a maritime attachment of the assets of Rias.

The Court should also decline to allow Pagane to go on a jurisdictional discovery "fishing expedition." There is no basis for jurisdictional discovery based upon plaintiff's mere speculation and in light of the facts provided in the Chumak Declarations and their attachments submitted to this Court by Rias.

Most importantly, if the Court were to indulge Pagane in its motion to amend, or to allow Plaintiff to conduct jurisdictional discovery, it would mean of necessity that the present Amended Complaint fails to state a maritime cause of action against Rias, and that subject matter jurisdiction as to Rias is presently lacking. As such, Rias submits that the present attachment of

1

assets of Rias cannot be maintained during any interim period, and that such attachment therefore must immediately be vacated. If Plaintiff someday files a new Amended Complaint which properly alleges maritime jurisdiction over Rias (which it cannot), or if Plaintiff can establish additional facts supporting maritime jurisdiction over Rias via jurisdictional discovery (which it cannot), then Plaintiff should be permitted to move for a new attachment *at such time*. *In the meantime*, however, it is humbly submitted that since subject matter jurisdiction is presently lacking, the present attachment of the assets of Rias cannot be maintained.

## STATEMENT OF FACTS

Rias respectfully directs the Court's attention to the Statement of Facts and to the Declarations cited therein and the attachments thereto in Rias's Opening Brief in support of this motion, none of which are disputed by any knowledgeable witness in Plaintiff Pagane's opposition papers, including but not limited to those statements and documents which show:

1)   the fact that Rias is not a party to the Charter Agreement sued upon;[1]

2)   the fact that Rias is not a party to any contract with Plaintiff Pagane;[2]

3)   the facts that Rias and co-defendant Glingrow Holdings are separate companies, with separate locations, separate employees and separate management;[3]

4)   the fact that Rias paid money to Bulcom solely to satisfy obligations that Rias had to Glingrow, pursuant to instructions and invoices from Glingrow, under the Glingrow-Rias sub-charter agreement, not the Charter Agreement sued upon;[4]

5)   the fact that Rias remitted funds to Glingrow directly for other invoices under its sub-charter agreement with Glingrow, showing that Glingrow did in fact receive separate consideration for the sub-charter;[5]

---

[1] *See* the Amended Complaint at ¶ 16, the Charter Agreement, and the January 10, 2008 Declaration of Sergey Chumak, ¶ 13 (attached as Exhibit 1 to the February 14, 2008 Declaration of Wendy H. Schwartz ("the Schwartz Dec.").
[2] *See* January 10, 2008 Declaration of Sergey Chumak, ¶ 14.
[3] *See* January 10, 2008 Declaration of Sergey Chumak, ¶ 8.
[4] *See* January 10, 2008 Declaration of Sergey Chumak, ¶ 12.

6)      the facts that the Amended Complaint does not allege that Rias is a signator or guarantor of the Charter Agreement, nor that Rias is an alter ego of co-Defendant Glingrow, nor that Rias has harmed or damaged Plaintiff in any way;[6]

7)      the fact that the Amended Complaint alleges no claims against Rias whatsoever.[7]

## ARGUMENT

### POINT I

### RECONSIDERATION IS PROPER

Rias takes no issue with the reconsideration cases Pagane cites in opposing Rias' motion for reconsideration of Judge Haight's decision on equitable estoppel. In fact, Rias embraces them, because they all hold that that reconsideration is appropriate to correct clear errors of law. In this case, there was a clear error or law: the failure to consider subject matter jurisdiction before reaching the issue of equitable estoppel. *See, e.g., Sheer v. Israel Discount Bank of New York*, No. 06 Civ. 4995 (PAC), 2007 WL 700822 at * 4 (S.D.N.Y. Mar. 3, 2007)(declining to reach plaintiff's equitable estoppel claims having first found subject matter jurisdiction to be lacking).[8]

Pagane argues that "logically," Rias should be estopped from invoking Fed. R. Civ. P. Rule 12. However, jurisdiction otherwise lacking cannot be conferred by consent, collusion, laches, waiver, or estoppel. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 377 n.21, 98 S. Ct. 2396, 2404 n.21, 57 L. Ed. 2d 274 (1978). Federal courts are courts of limited jurisdiction, and are thus always bound to consider jurisdictional challenges, because any party at any stage of the proceedings may raise the question of whether the court has subject matter jurisdiction. *Gilman v. BHC Sec.*, 104 F.3d 1418, 1421 (2d Cir. 1997). Indeed, "a challenge to

---

[5] *See* January 16, 2008 Reply Declaration of Sergey Chumak, ¶ 4 and Exhibit B. (Schwartz Dec. Exh. 2) It appears that Plaintiff, somewhat disingenuously, attached only part of this Exhibit to its opposition papers, omitting the invoice directing Rias to pay Glingrow.
[6] *See* the Amended Complaint.
[7] *Id.*
[8] Attached as Exhibit 1 to the Reply Declaration of Wendy Schwartz ("Schwartz Reply Dec.") submitted herewith.

3

subject matter jurisdiction cannot be waived." *Id.  See also* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."); *see generally* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350.

Therefore, because the failure to consider subject matter jurisdiction before determining the issue of equitable estoppel was an error of law, reconsideration is appropriate in this case.

## POINT II

## NO PRIMA FACIE ADMIRALTY CLAIM HAS BEEN ALLEGED AGAINST RIAS

**A.    Judge Haight Did NOT Find That the Court has Admiralty Jurisdiction over Rias**

Pagane's opposition brief quotes liberally from Judge Haight's January 31 2008 Opinion and Order, but omits the part bridging pages 12 and 13 where Judge Haight expressly declined to reach Rias' motion to dismiss the Amended Complaint under Rule 12(b)(1) and 12(b)(6). Instead, Pagane argues that Judge Haight did determine that Pagane had alleged a valid maritime claim against Rias, saying that Judge Haight had "categorized" it as such[9] and that Judge Haight had "acknowledged the Court's admiralty jurisdiction over this dispute."[10]  In so arguing, Pagane conflates matters; the issue presently before the Court (and before Judge Haight, for that matter) is whether there is admiralty jurisdiction over *Rias*, not over the dispute in general.

**B.    The Cases Cited by Plaintiff are Inapposite or Easily Distinguished**

Pagane's attempt to liken this case to *Wajilam Exports Singapore Pte. Ltd. v. ATL Shipping Ltd.*, 475 F.Supp.2d 275 (S.D.N.Y. 2006) must fail.  Unlike the present case, where alter ego has not even been alleged, the plaintiff in *Wajilam* made extensive alter ego allegations, as shown by the lengthy quotation bridging pages 11 and 12 of Plaintiff's Opposition Brief, including allegations of unity of ownership and interest and intermingling of assets, none of

---

[9] Pagane Opposition Brief, Preliminary Statement, second full paragraph , page 1.
[10] Pagane Opposition Brief, Point II, bottom of page 9.

which appear in the Amended Complaint in this case.

Likewise, in *Flora Maritime Ltd. v. Inter Eltra Int'l GmbH*, No. 06 Civ. 6372 (RMB) (S.D.N.Y. June 21, 2007)[11], cited by Pagane, there were extensive allegations of alter ego factors, including allegations unity of ownership, common addresses, overlapping management and personnel. There are no similar allegations in the present case, nor could there be, in view of contrary facts recited in Declarations of Sergey Chumak filed by Rias.

The same holds for *Maritime Ventures International v. Caribbean Trading & Fidelity, Ltd.*, 689 F.Supp. 1340 (S.D.N.Y. 1988), also cited by Pagane. In that case, factual evidence in the form of deposition testimony and affidavits was submitted sufficient to support allegations that defendant Douglas, the founder and president of defendant Caribbean, so dominated defendant Caribbean as to be liable for its actions. 689 F. Supp. at 1348-1349. Evidence of Caribbean's severe undercapitalization was also presented in support of piercing the corporate veil. *Id.* Pagane has not even alleged alter ego, and has made no allegations of fact supported by affidavit or deposition, but merely boilerplate allegations made on information and belief.

This is not to suggest that there are "magic words" or that the mere mention of "alter ego" is sufficient to plead a *prima facie* admiralty case. If such were the case, the floodgates would be open to attachments with no basis. Instead, factual particularity is required. The "heightened pleading standard [of Fed. R. Civ. P. Supp. Rule E(2)(a)] is not some pettifogging technicality meant to trap the unwary, but, rather, a legal rule designed to counterbalance the unique and drastic remedies that are available in *in rem* admiralty proceedings." *OGI Oceangate Transportation Co., Ltd. v. RP Logistics PVT. Ltd.*, No. 06 Civ. 9441 (RWS), 2007 U.S. Dist. LEXIS 46841 (S.D.N.Y. Jun. 26, 2007)[12] (quoting *P.R. Ports Auth v. Barge KATY-B*, 427 F.3d 93, 105 (1st Cir. 2005)).

---

[11] Exhibit 2 to the March 13, 2008 Declaration of Kevin J. Lennon.
[12] A copy of the *OCI Oceangate* case is attached the Schwartz Reply Dec. as Exhibit 2.

*Essar Int'l. Ltd. v. Martrade Gulf Logistics, FZCO*, No. 07 Civ. 3439 (WHP) 2007 U.S. Dist. LEXIS 61713 (S.D.N.Y. Aug. 23, 2007)[13], cited by Pagane, does not teach otherwise, and is easily distinguishable from the present case on its facts. In *Essar*, an EFT by a non-party that was made on behalf of the named defendant and intended as a payment of a debt owed by the named defendant was attached. *Id* at *2. There is no allegation here that the attached funds of Rias were payments made for or on behalf of co-Defendant Glingrow Holdings Ltd.

*Chiquita Int'l Ltd. v. M/V Bosse*, 518 F.Supp.2d 589 (S.D.N.Y. 2007), also cited by Pagane, is similarly inapposite. As the Court may recall, in that case, the defendants did not challenge whether plaintiffs had a valid prima facie admiralty claim. Instead, the argument focused on whether certain attached funds, which had been directed either to or from the account of defendant Holy House, were not actually the property of Holy House, but of other unnamed non-parties for whom Holy House acted as an agent. 519 F.Supp. 2d at 593-595.

Aside from these inapposite examples, Pagane does not even attempt to distinguish the many cases cited by Rias in which conclusory allegations such as those in the Amended Complaint were insufficient to maintain a maritime attachment.[14] These cases make it clear, in view of the facts of this case, that Pagane has not alleged a *prima facie* admiralty case against Rias. Because of this, subject matter jurisdiction over Rias lacking, and therefore the attachment of the assets of Rias should be vacated and the Compliant as against Rias should be dismissed.

---

[13] A copy of the *Essar* case is attached to the Schwarts Reply Dec. as Exhibit 3.

[14] *See*, e.g. *Tide Line, Inc. v. Eastrade Commodities, Inc.*, No. 06 Civ. 1797, 2006 U.S. Dist. Lexis 95870 (S.D.N.Y. Aug. 15, 2006); *Deiulemar Compagnia di Navigazione SpA v. Dabkomar Bulk Carriers Ltd.,* No. 05 Civ. 8199 (2005 U.S. Dist. LEXIS 40783 (S.D.N.Y. Dec. 12, 2005); *Dolco Investments, Ltd. v. Moonriver Development, Ltd., et al*, 486 F.Supp 2d 261 (S.D.N.Y. 2007); *Stevedoring Services of America v. Ancora Transports, N.K.*, 59 F.3d 879 (9th Cir. 1995); *Status Int'l S.A. v. M&D Maritime, Ltd.*, 994 F.Supp 182 (S.D.N.Y.); *Williamson v. Recovery Limited Partnership*, No. 06 Civ. 5724, 2007 WL 102089 (S.D.N.Y. Jan. 16, 2007); *MCT Shipping Corp. v. Sabet*, 497 F.Supp. 1078 (S.D.N.Y. 1980). Copies of the unreported cases are attached to the Schwartz Dec.

## POINT III

### PLAINTIFF'S PROPOSED SECOND AMENDED COMPLAINT FAILS TO PROPERLY ALLEGE A PRIMA FACIE ADMIRALTY CLAIM AGAINST RIAS AND MUST FAIL

**A.   Plaintiff's Proposed Second Amended Complaint is Conclusory**

Pagane tries to utter the right magic words in its Proposed Second Amended Complaint. But it once again does not provide any tenable factual support for its conclusory allegations. Instead, what Pagane's proposed Second Amended Complaint most closely resembles is the failed proposed amended complaint quoted at length in *Brave Bulk Transport Ltd. v. Spot On Shipping, Ltd.*, No. 07 Civ. 4546(CM), 2007 WL 3255823 at *3-4 (S.D.N.Y. Oct. 30, 2007).[15]

The court in *Brave Bulk*, upon reconsideration, deemed plaintiffs' proposed alter ego allegations too conclusory, and upheld vacatur of an attachment of the assets of ZSL, stating:

> "Were a plaintiff to be permitted to rely on such allegations to obtain an attachment against an entity that is not a party to a contract sued on, the already thinly stretched remedy of maritime attachment could disrupt the commercial activities of entities whose links to the real defendant in interest are tenuous or non-existent."

*Id* at *6. The same holds true for Pagane's proposed Second Amended Complaint, which makes similar conclusory allegations, without the bolstering facts provided by the *Brave Bulk* plaintiffs. The thinly stretched remedy of maritime attachment is simply inappropriate in view of the tenuous links between Glingrow and Rias.

**B.   Plaintiff's Proposed Second Amended Compliant Ignores Uncontroverted Facts Already in Evidence**

In the few non-conclusory allegations in its proposed Second Amended Compliant, Pagane either "cherry-picks" from or ignores facts adduced thus far in this matter, and so it cannot be said that these allegations are made in good faith.

For example, the proposed allegation that "Glingrow did not receive any consideration from the sub-charter with Rias" is belied by Exhibit B to the Reply Declaration of Sergey

---

[15] A copy of the *Brave Bulk* case is attached to the Schwartz Reply Dec. as Exhibit 4.

7

Chumak, which contains an invoice showing that Rias did indeed pay consideration to Glingrow for the sub-charter.[16]

Similarly, Pagane's proposed allegations that Glingrow has no separate identity, that it is owned, operated and controlled by Rias, and that Defendants are owned, operated, controlled and managed as a single economic enterprise are all belied by ¶ 8 of the Declaration of Sergey Chumak[17], made under penalty of perjury, which states that while Rias and Glingrow are affiliates in the sense that they have some owners in common, they are separate companies, with separate locations, separate employees and separate management.

As shown above, because Pagane's proposed Second Amended Complaint would be futile and because it makes allegations upon information and belief that are rebutted by sworn testimony, Pagane should not be given leave to file its proposed Second Amended Compliant.

## POINT IV

### PLAINTIFF SHOULD NOT BE ALLOWED TO USE JURISDICTIONAL DISCOVERY TO GO ON A FISHING EXPEDITION

Mere speculation, in the face of affidavit evidence conclusively to the contrary, militates against a grant of a request for jurisdictional discovery. *Leema Enterprises, Inc. v. Willi*, 575 F. Supp. 1533, 1536 (S.D.N.Y. 1983). But mere speculation is all Pagane has, and in view of the Chumak declarations and their attachments, jurisdictional discovery should not be allowed. Plaintiff had no substantive basis for believing that jurisdiction existed over Rias when it commenced this suit, and it is inappropriate to grant them the opportunity to conduct discovery in an attempt to manufacture such a basis at this juncture. *Id*. Where, as here, a party "simply wants to conduct a fishing expedition in the hopes of discovering some basis of jurisdiction," the Court does not abuse its discretion by refusing to allow discovery. *Base Metal Trading, Ltd. v. Novokuzenetsky Aluminum Factory*, 283 F.3d 208, 216 (4th Cir. 2002).

---

[16] *See* Schwartz Dec., Exh. 2.
[17] *See* Schwartz Dec., Exh. 1.

# POINT V

## IF PLAINTIFF IS PERMITTED TO AMEND ITS COMPLAINT, OR TO PURSUE JURISDICTIONAL DISCOVERY, THE PRESENT ATTACHMENT SHOULD BE VACATED, SINCE SUBJECT MATTER JURISDICTION IS PRESENTLY LACKING

Pagane states that *Tide Line*[18] stands for the proposition that a plaintiff should be allowed, in the interest of justice, to amend a defective complaint to state a valid *prima facie* admiralty claim and that the court, given appropriate circumstances, should stay the release of the defendant's property in the meantime.

While this proposition may be convenient for Pagane, it defies common sense and the rule of law. If a court has no subject matter jurisdiction over a party to a lawsuit, how can it continue to maintain an attachment of the assets of that party? The law is clear that when subject matter jurisdiction is lacking, dismissal is mandatory. *Manway Construction Co., Inc. v. Housing Authority of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983).

Even if the proposition is deemed legally tenable, it should not be invoked here, because of the above-outlined flaws in Pagane's proposed Second Amended Complaint. There is simply no basis - in law or equity or judicial efficiency - for staying an order vacating the attachment of the assets of Rias, for maintaining this wrongly-granted attachment, while Pagane tries to concoct a proper *prima facie* admiralty claim against Rias. Rather, Rias is greatly prejudiced and will continue to be prejudiced by the continuing freeze on its funds – and by the ongoing threat of renewed attachments – despite the lack of a valid *prima facie* maritime claim against it. If Pagane comes up with legitimate *prima facie* admiralty claims against Rias, it should be permitted to seek a new attachment order at such time. In the interim, however, it is respectfully submitted that the Court lacks the authority to maintain the attachment of the assets of Rias.

---

[18] *See* Schwartz Dec., Exhibit 10.

9

**POINT VI**

**THE COURT SHOULD NOT ORDER RIAS TO TRANSFER THE ATTACHED FUNDS INTO AN ESCROW ACCOUNT**

Beyond the above merit-based reasons for not ordering Rias' funds to be transferred anywhere, let alone to a London escrow account, there are practical reasons why the Court should not enter such an Order as to *any* of the attached funds at this time.  The only thing that could conceivably be characterized as an "agreement" between the parties was an arrangement in principle, before the Amended Complaint was filed and more PMAG's were served, to transfer the attached funds to, as Judge Haight put it, "some escrow account, somewhere in London."  No more definite arrangements have ever been made.  Even assuming *arguendo* that the Court could issue such an Order, it is at best premature to consider such an Order at this time.

**CONCLUSION**

Pagane fails to make out an admiralty case against Rias, and thus provides no basis for subject matter jurisdiction, precluding a finding of equitable estoppel and mandating vacatur of the attachment of the assets of Rias and dismissal of Rias from the case.  Even if Pagane can somehow overcome its pleading flaws, the present attachment of the assets of Rias cannot be maintained in the interim.  For the reasons hereinabove, and for those provided in Rias's prior submissions to this Court, reconsideration should be granted, the Amended Compliant should be dismissed as to Rias, and the attachment of the assets of Rias should be vacated.

Dated:  New York, New York
        March 27, 2008

                                              REED SMITH LLP


                                        By:  ____/s/   Wendy H. Schwartz_____
                                              Wendy H. Schwartz (WHS-1862)
                                              599 Lexington Avenue
                                              New York, NY  10022-7650
                                              Telephone:   212.521.5400
                                              Facsimile:    212.521.5450

                                              Attorneys for Defendant
                                              Rias Trading

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                                             :
PAGANE MARITIME LTD.                     :      ECF Case
                                                             :
              Plaintiff,                            :      07 Civ. 10726 (PKL)
                                                             :
       v.                                              :
                                                             :
GLINGROW HOLDING LTD. and       :
RIAS TRADING,                                 :
                                                             :
              Defendants.                       :
-------------------------------------------------------------x

# CERTIFICATE OF SERVICE

1.      I am a member of Reed Smith LLP, counsel for defendant Rias Trading ("Rias").

2.      I hereby certify that on March 27, 2008, I caused to be served a copy of Rias Trading's, Reply Memorandum of Law in Support of Defendant Rias Trading's Motion to (1) Dismiss the Complaint and (2) Reconsider Vacating the Maritime Attachment and the Reply Declaration of Wendy H. Schwartz in support upon the following attorney via the Court's ECF system:

              Kevin J. Lennon
              Lennon, Murphy & Lennon, LLC
              420 Lexington Avenue, Suite 300
              New York, New York 10170
              kjl@lenmur.com

              Attorneys for Plaintiff Pagane Maritime Ltd.

Dated: New York, New York
          March 27, 2008

                                                                  /s/   Wendy H. Schwartz
                                                                         Wendy H. Schwartz